UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KIVETTE SMITH, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:03-CR-73-JRG-2 |
| | ) | 2:16-CV-139-JRG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 761]. The petition relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Clause (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. This Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for *Johnson*-based collateral relief on February 11, 2016. E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed a supplement in support for Petitioner's requested vacatur [Doc. 769]. The United States responded in opposition [Doc. 770]; Petitioner, through counsel, replied in turn [Doc. 772]. Also before this Court is a request to defer ruling pending full briefing that the United States filed prior to receipt of the FDSET supplement [Doc. 766]. For the reasons that follow, the United States's request for deferral will be **DENIED as moot** and Petitioner's § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

In 2004, Petitioner pled guilty to conspiring to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 129]. He faced a statutory penalty of ten years up to life imprisonment for the offense [Presentence Investigation Report (PSR) ¶ 52]. Based on prior North Carolina convictions for common-law robbery [*Id.* ¶ 35], and robbery with a dangerous weapon [*Id.* ¶ 37], the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with an advisory guideline range of 262 to 327 months' imprisonment [*Id.* ¶¶ 27, 53]. In accordance with that designation, this Court sentenced Petitioner to 262 months' imprisonment followed by five years' supervised release on February 4, 2005 [Doc. 378].

Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on October 29, 2007. *United States v. Smith*, 252 F. App'x 20, 23 (6th Cir. 2007). Petitioner did not seek a writ of certiorari from the Supreme Court and his conviction became final for purposes of § 2255(f)(1) on January 17, 2008, at expiration of time to seek the same. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the ninety-day period for seeking a writ of certiorari expires). More than one year later—on April 13, 2009—Petitioner filed an initial motion for collateral relief under § 2255 [Doc. 566]. This Court dismissed that motion as untimely on May 4, 2009 [Doc. 569].

On June 25, 2016, the Supreme Court released the *Johnson* decision; Petitioner filed the instant successive petition for collateral relief less than one year later—on May 24, 2016 [Doc. 761 (suggesting North Carolina common law robbery no longer qualifies as a crime of violence under Section 4B1.1 and that without the conviction he cannot be categorized as a career offender)]. The Sixth Circuit recently granted leave to consider the petition [Doc. 760].

II.     REQUEST FOR DEFERRAL

In addition to the petition, this Court is also in possession of the United States's request that the Court defer ruling on the petition until the parties have had a full opportunity to brief the issues [Doc. 766]. Before this Court could rule on that motion, FDSET field a supplement in support of Petitioner's pro se petition [Doc. 769], the United States responded to that supplement [Doc. 770] and FDSET replied [Doc. 772]. Because deferral is no longer necessary, the United States's request for the same [Doc. 776] will be **DENIED as moot**.

### III. TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results

3

from application of *Johnson*'s reasoning in the guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because the *Johnson* decision has no impact on Petitioner's case.

IV.   STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

V.   ANALYSIS

The ACCA mandates a fifteen-year minimum sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a

4

term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses.

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 45].

Petitioner does not dispute that robbery with a dangerous weapon remains a crime of violence after the *Johnson* decision [*See generally* Docs. 761, 769, 772]. As such, the validity of Petitioner's sentence depends on whether common-law robbery remains a "crime of violence" under one of the unaffected provisions of Section 4B1.2(a) as well. *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether

5

that offense qualifies under one of these unaffected provisions, the Court must identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

The United States argues North Carolina common-law robbery qualifies as a crime of violence under the use-of-physical-force clause and enumerated-offense clause in Application Note One to Section 4B1.2 [Doc. 770]. Petitioner disputes both arguments [Doc. 772].

For purposes of Section 4B1.2(a)(1), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Any level of force is sufficient so long as it is capable of causing any injury, "regardless of [the injury's] gravity or duration." *United States v. Evans*, 699 F.3d 858, 863 (6th Cir. 2012). The Court must look to the "minimum conduct criminalized" to determine whether North Carolina common-law robbery categorically involves force sufficient to satisfy the use-of-physical-force clause. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).

At the time that Petitioner committed the offense, North Carolina defined common-law robbery as "the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear." *State v. Lawrence*, 136 S.E.2d 595, 596–97 (N.C. 1964). "[T]he element of force in the offense of robbery may be actual or constructive." *State v. Sawyer*, 29 S.E.2d 34, 37 (N.C. 1944). Where actual force is used, "the degree of force is immaterial, so long as it is sufficient to compel the victim to part with his property." *Id.*; *see also State v. Robertson*, 531 S.E.2d 490, 493 (N.C. Ct. App. 2000) (finding that mere purse snatching is not sufficient force). Constructive force is sufficient if "the person robbed is put in fear sufficient to suspend the exercise of his free will or prevent

6

resistance to the taking." *Id.* If a perpetrator "create[s] an apprehension of danger and induce[s] a man to part with his property for the sake of his person, the victim is put in fear." *Id.* In determining whether North Carolina common-law robbery is "a felony which by definition involves the use or threat of violence," the North Carolina Supreme Court has twice held that "the use, or threatened use, of violence is an element of common law robbery." *State v. Jones*, 451 S.E.2d 826, 853–54 (N.C. 1994); *accord State v. Bell*, 603 S.E.2d 93, 117 (N.C. 2004).

Petitioner suggests common-law robbery cannot qualify as a crime of violence because it can be committed with *de minimis* force [Doc. 769 p. 6]. As support, he cites two Fourth Circuit decisions—*United States v. Garner*, 823 F.3d 793 (4th Cir. 2016) and *United States v. Carmichael*, 408 F. App'x 769 (4th Cir. 2011), both of which held that North Carolina common law robbery does not qualify under the ACCA's use-of-force clause [*Id.* at 6–7; Doc. 772 p. 12]. It is important to note, however, that this Court is constrained by the North Carolina Supreme Court's interpretation of state law, not the Fourth Circuit's, *see Johnson*, 559 U.S. at 138, and that the North Carolina Supreme Court has repeatedly stated that common law robbery requires force sufficient to "compel the victim to part with his property," *Sawyer*, 29 S.E.2d at 37, and to "overpower the party robbed or prevent his resisting," *State v. John*, 50 N.C. (5 Jones) 163, 169 (1857). It is the opinion of this Court that such force is necessarily more than *de minimis* force.

Even if the North Carolina Supreme Court had not spoken so clearly, this Court would decline to follow the Fourth Circuit decisions upon which Petitioner relies for two reasons. First, those decisions conflict with at least two prior decisions from the same circuit holding that North Carolina common-law robbery categorically qualifies as a violent felony. *United States v. Bowden*, 975 F.2d 1080, 1082 (4th Cir. 1992); *United States v. Hutchinson*, 149 F. App'x 214, 216 (4th Cir. 2005). Second, neither decision contains persuasive legal support.

7

The *Carmichael* decision does not include any explanation or reasoning for its one-sentence conclusion that common-law robbery does not fall under the use-of-force clause, 408 F. App'x at 770, and, as a result, its holding is entitled to little weight. While the *Garner* decision includes significantly more analysis, that analysis glosses over relevant North Carolina Supreme Court decisions in favor of unpublished North Carolina Court of Appeals decisions. Specifically, the Fourth Circuit based its holding on two unpublished decisions from the North Carolina Court of Appeals that it interpreted as holding that common-law robbery can be committed by "even minimal contact." *Garner*, 823 F.3d at 803–04. In the first, the North Carolina Court of Appeals upheld a conviction where the defendant pushed the victim's shoulder causing her to fall into some shelves. *State v. Eldridge*, No. COA08-1219, 2009 WL 1525333, at *2 (N.C. Ct. App. June 2, 2009). In the second, the defendant pushed the victim's hand off a box of cigarettes with such force that caused the victim to let go of the box. *State v. Chance*, No. COA07-1491, 2008 WL 2415981, at * 4 (N.C. Ct. App. June 17, 2008). Unlike the Fourth Circuit, this Court does not find that either instance of force constitutes minimal contact. To the contrary, both instances involve the application of force that is "capable of causing pain or injury" and, consequently, qualifies as violent force for the purposes of § 4B1.2(a)(1). *Johnson*, 559 U.S. at 133; *see also United States v. Duncan*, 833 F.3d 751, 756 (7th Cir. 2016) ("the case law rejects" the position that "putting someone in fear of something as minor as a bruise or simple physical pain cannot qualify as a violent felony"); *see also Evans*, 699 F.3d at 863 (finding that it is sufficient that the force be capable of causing any injury "regardless of its gravity or duration").

Furthermore, although not dispositive, the Court notes that the decision in *Garner* is an outlier among federal courts of appeals' decisions considering whether similar state robbery

8

offenses involve the use of force. All federal courts of appeals which have considered robbery offenses that, like North Carolina robbery, require more force than mere purse snatching have concluded that such offenses qualify as either crimes of violence or violent felonies under the use-of-physical-force clause. *See Duncan*, 833 F.3d 754–57 (Indiana robbery); *United States v. Jenkins*, 651 F. App'x 920, 927 (11th Cir. 2016) (Florida robbery); *United States v. Maxwell*, 823 F.3d 1057, 1061 (7th Cir. 2016) (Minnesota robbery); *United States v. Lamb*, 638 F. App'x 575, 577 (8th Cir. 2016) (Michigan unarmed robbery); *United States v. Elliott*, 757 F.3d 492, 496 (6th Cir. 2014) (Kentucky first-degree robbery); *United States v. Wiggan*, 530 F. App'x 51, 57 (2d Cir. 2013) (Connecticut first-degree robbery); *United States v. Nigg*, 667 F.3d 929, 937 (7th Cir. 2012) (Arizona robbery); *United States v. Forrest*, 611 F.3d 908, 911 (8th Cir. 2010) (Colorado robbery); *United States v. Brown*, 437 F.3d 450, 452 (5th Cir. 2006) (Louisiana simple robbery); *United States v. Thomas*, 280 F.3d 1149, 1159 (7th Cir. 2002) (Georgia robbery); *United States v. Tirrell*, 120 F.3d 670, 680 (7th Cir. 1997) (Michigan attempted unarmed robbery); *United States v. Cornish*, 103 F.3d 302, 309 (3d Cir. 1997) (Pennsylvania third-degree robbery); *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990) (Illinois robbery).

In sum, this Court finds that North Carolina common-law robbery categorically qualifies as a crime of violence under the use-of-force clause and therefore need not address the parties' arguments regarding Application Note One to Section 4B1.2. Because Petitioner's common-law robbery and robbery with a deadly weapon convictions remain predicate crimes of violence after the *Johnson* decision, Petitioner has failed to establish an entitlement to collateral relief.

## VI. CONCLUSION

For the reasons discussed above, the United States's request for deferral [Doc. 766] will be **DENIED as moot** and Petitioner's § 2255 motion [Doc. 761] will be **DENIED** and

9

**DISMISSED WITH PREJUDICE**.  The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **ORDER ACCORDINGLY.**

                                                s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE