UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:03-CR-73(2) |
| | ) | |
| KIVETTE SMITH | ) | |

MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court to address the defendant's *pro se* motion for the imposition of a reduced sentence pursuant to Section 404 of the First Step Act, [Doc. 791], and the supplemental motion for the imposition of a reduced sentence, [Doc. 794]. The government has responded, [Doc. 799]. The matter is now ripe for review.

**I.     Background**

In May 2004, the defendant entered into a written plea agreement with the government pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. [Doc. 129]. The parties agreed that defendant would plead guilty to Count One of the indictment for violating 21 U.S.C. §§ 841 (a)(1) and 846, conspiracy to distribute, and possession with the intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base. [*See id.*; Docs. 128, 130]. The Presentence Investigation Report (PSR) attributed 765.45 grams of cocaine base to defendant for purposes of the Sentencing Guidelines calculations. [PSR at ¶ 19]. This drug amount, when converted to its marijuana equivalencies, resulted in the base offense level of 36. [*Id.*]. Because the defendant had two prior federal drug convictions, he faced an enhanced offense level of 37. [*Id.* at ¶ 27]. After a three-level reduction for acceptance of responsibility, defendant's total offense level was 34. [*Id.* at at ¶¶ 25-26].

At the February 2005 sentencing hearing, the Court accepted the plea agreement and adopted

1

the findings in the PSR. A total offense level of 34 combined with defendant's criminal history category of VI resulted in a guideline range of 262 to 327 months' imprisonment. The Court imposed sentence of 262 months, and a five-year term of supervised release. [Doc. 378]. Defendant unsuccessfully sought postconviction relief. [Docs. 382, 525,775].

To this date, the Court has been advised that defendant has been in federal custody for two hundred fifty months, and has a projected release date of June 29, 2022, according to the Federal Bureau of Prison's website. [Doc. 799-1 at 2].

II. Analysis

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One such exception is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act expressly permits sentence modification for some defendants.

On December 21, 2018, the former President signed the First Step Act of 2018, Pub. L. 115-391, into law. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties

of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." *See Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the defendant could not obtain relief under the Fair Sentencing Act.

Defendant argues that he is eligible for a sentence reduction under § 404. [Docs. 791, 794]. More particularly, defendant argues his drug offense is a "covered offense" under Section 404(a), because the statutory penalty in was modified by section 2 of the Fair Sentencing Act, and his violation was committed before August 3, 2010. [Doc. 794 at 4-5]. According to the defendant, any sentence reduction in his calculation should render him eligible for a time served sentence and subject to immediate release. [*Id.* at 7-8].

The government argues that even though defendant committed his offense before August 3, 2010, and even though his offense carries the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act, the Court is not required to impose a sentence reduction in this case. [Doc. 799 at 2-4]. Specifically, the government highlights that defendant's offense was serious, as it involved over seven hundred grams of cocaine base. [*Id.* at 4-5].

Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense level as though Section 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the defendant committed the offense, the Act reduced defendant's total offense level from 34 to 31 after a three-level reduction for acceptance of responsibility. *See* U.S.S.G. 4B1.1(b). Based thereon, his guideline range for Count One is reduced from 262 to 327 months, to 188 to 235 months. *See* U.S.S.G. § 5A (sentencing table for an offense level 31 and criminal history category of VI). To this date, the Court has been advised that defendant

3

has served 250 months of imprisonment, more than the top end of his new guideline range.

The defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the defendant pursuant to Section 404 of the First Step Act of 2018.

For all these reasons, and after its review of the record, the Court concludes that the defendant is eligible for relief pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), and elects to exercise its discretion to reduce defendant's sentence. The First Step Act now permits the Court to exercise the full range of its discretion with the Section 3553(a) factors. As such, the Court reduces defendant's sentence to a period of time served.

This sentence reflects the purposes of sentencing, including the seriousness of the offense, deterrence to others, protecting the public, respect for the law, and providing rehabilitative opportunities. In evaluating the extent of the reduction, the Court takes into consideration defendant's post-conviction conduct. Notably, Defendant has not had a disciplinary infraction while serving his sentence with the Bureau of Prisons since 2010. [Doc. 799-1 at 3].

One final matter is the defendant's request to reduce his term of supervised release. [Doc. 794 at 7-8]. Now, the application of the Fair Sentencing Act requires a term of supervised release of at least four years. The Court sees no reason in the present case why application of the Fair Sentencing Act would justify a reduction in the defendant's term of imprisonment but not a reduction in his term of supervised release. Accordingly, the Court finds that the defendant's request to reduce his term of supervised release in accordance with the now applicable Fair Sentencing Act's statutory language is appropriate as well.

### III. Conclusion

Therefore, it is hereby **ORDERED** that defendant's motion to reduce sentence pursuant to Section 404 of the First Step Act and the supplemental motion for a reduction in sentence, [Docs.

791, 794], are **GRANTED**.  Based on the record, the Court, in its discretion, reduces the defendant's sentence to a period of time served.  The defendant's term of supervised release shall be reduced to a period of four years.  All other terms and conditions of the defendant's judgment [Doc. 378], shall remain in full force and effect.

This order, however, shall not take effect for ten (10) days after the entry of the order to allow the Bureau of Prisons sufficient time to process defendant for release.

The Clerk of the Court is further **DIRECTED** to provide copies of this Order to the defendant, counsel for the defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE